UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER I. STREET,<br><br>  Plaintiff,<br><br>  v.<br><br>ISIDRO BACA, et. al.,<br><br>  Defendants. | Case No. 3:16-cv-00266-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

## I. BACKGROUND

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action pursuant to 42 U.S.C. § 1983. According to Defendants, Plaintiff was discharged from NDOC in June of 2017. On July 7, 2017, Plaintiff filed a notice of change of address. (ECF No. 22.) Defendants filed a motion for summary judgment on October 5, 2017, but it was not served to the proper address. The *Klingele* order, advising Plaintiff of the requirements for opposing a motion for summary judgment, was served to the address of record. Plaintiff did not oppose or otherwise advise the court of an intention to continue prosecuting this action.

On February 20, 2018, the court issued an order directing the Clerk to send Plaintiff a copy of the motion for summary judgment, supporting declarations and exhibits, sealed medical records, and pending motion for leave to file medical records under seal, as well as another copy of the *Klingele* order on the address of record. (ECF No. 29.) The court then gave Plaintiff twenty-one days to file a response to the motion for summary judgment.

1 Plaintiff did not file a response.

2 On April 3, 2018, the court issued an order giving Plaintiff fourteen days to file and serve a notice of intent to prosecute this action, along with a response to Defendants' motion for summary judgment. (ECF No. 30.) Plaintiff was cautioned that a failure to do so would result in a recommendation that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Again, Plaintiff did not file the notice of intent to prosecute this action, or a response to Defendants' motion. Plaintiff has not otherwise communicated with the court indicating an intent to proceed with this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).). In addition, Local Rule 41-1 provides that a civil action that has been pending for more than 270 days without any proceeding of record may, after notice, be dismissed for want of prosecution by the court sua sponte.

It has been more than 270 days since Plaintiff filed his notice of change of address, with no other filing by Plaintiff indicating an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action on this basis, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

1   Third, the defendants risk prejudice the longer this case is carried on because the
2   memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643
3   (citation omitted). In addition, a rebuttable presumption of prejudice of defendants arises when a
4   plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53
5   (9th Cir. 1994) (citation omitted) ("The failure to prosecute diligently is sufficient by itself to
6   justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The
7   presumption is warranted here given that Plaintiff has not had any contact with the court since
8   July 7, 2017. Therefore, this factor weighs in favor of dismissal.
9   Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in
10  favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.
11  Finally, the court has no less drastic sanction when it has received no communication from
12  Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in
13  touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions
14  in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in
15  favor of dismissal.
16  In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

///
///
///
///
///
///
///
///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 20, 2018.

*William G. Cobb*

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE